**BONNER C. WALSH**
Oregon State Bar ID Number 131716
bonner@walshpllc.com
WALSH LLC
1561 Long Haul Road
Grangeville, ID 83530
Phone 541.359.2827
Facsimile 866.503 8206

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| DANIEL WALKER,<br><br>   Plaintiff,<br><br>vs.<br><br><br><br>FCA US, LLC,<br><br>   Defendant | Civil Action No.: 6:18-cv-447<br><br><br><br>MAGNUSON-MOSS WARRANTY ACT (15 U.S.C § 2301, *et seq.*); AND STATE CLAIMS.<br><br><br>DEMAND FOR JURY TRIAL |

## PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

DANIEL WALKER (hereinafter "Plaintiff") files this Plaintiff's Original Complaint and Jury Trial Demand complaining of FCA US, LLC. This action is filed for violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301. Plaintiff alleges as follows:

## PARTIES

1. At all times material herein, Plaintiff is a resident of Oregon and resides in Marion County.

2. Defendant **FCA US, LLC** ("FCA", "Defendant", or "Manufacturer") is a Michigan LLC who conducts business in Oregon and their registered agent is CT Corporation System, 780 Commercial St. SE, Ste. 100, Salem, OR 97301.

## JURISDICTION

3. Jurisdiction of this Court arises under to 15 U.S.C. § 2310(d), 28 U.S.C. §§ 1331, and the doctrine of pendent jurisdiction for the other Oregon claims pursuant to 28 U.S.C. § 1367. Plaintiff seeks relief in excess of $50,000.00.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c), because: (i) Defendant is actively doing business in this State and subject to personal jurisdiction throughout the State; (ii) upon information and belief, Defendant transacts business in the State and in the District because it has contracted with residents of the District through their sales with residents of the District; (iii) upon information and belief Defendant has committed illegal acts in the District by and through its sales and/or have provided defective products to residents of this district, and (iv) a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS

5. In July of 2015, Plaintiff purchased a 2015 Jeep Cherokee, VIN: 1C4PJMBS8FW710321 (the "Vehicle") from Roberson Motors of Salem, Oregon for $44,264.35.

6. The Vehicle was purchased as a new vehicle, and has had significant nonconformities during the manufacturer, defendant FCA's factory warranty period. Plaintiff uses the Vehicle primarily for personal, family and household purposes. Since purchase, the Vehicle has encountered an excessive number of defects, including but not limited to the transmission

clunking hard into gear, transmission error on the dash, gear shift internal fault, service shifter error, false braking of crash mitigation system, brake assist not working, Bluetooth connectivity issues, USB ports inoperable, and the passive entry lock button becoming inoperative. The Vehicle has been repaired at least three (6) times and has been in the manufacturer's authorized dealer's shop for an excessive number of days (more than one hundred thirty-five (135) days according to the shop records). The Vehicle still has defects and at the current time Plaintiff does not believe the Vehicle is safe to drive for he and his young child. As recently as March 4, 2018, the crash mitigation system has activated in error, causing the Vehicle to brake unexpectly, and Roberson Jeep is refusing to service the Vehicle at this time. This creates a real safety issue and Plaintiff has done everything within his power to get it addressed. Yet the issue remains. On March 7th, Plaintiff took the vehicle to another dealer where it is undergoing further attempted repairs.

7. Despite confirmation of the nonconformities and repeated lengthy repair attempts, defendants have been unable to correct the nonconformities. These nonconformities substantially impair the use, value and or safety of the Vehicle.

8. Despite contacts by Plaintiff with FCA, Defendant has not been able to resolve Plaintiff's issues with the Vehicle. Despite Plaintiff informing FCA of the nonconformities and the danger associated with them and requesting FCA to buy back the vehicle, FCA has not offered to buy back the vehicle and has left Plaintiff with a malfunctioning vehicle with serious safety concerns.

//

//

# FIRST CAUSE OF ACTION
# BREACH OF WRITTEN WARRANTY
### (Pursuant to the Magnuson-Moss Warranty Act)

9. Plaintiff is a consumer, as contemplated by the Magnuson-Moss Warranty Act.

10. Manufacturer is a warrantor and supplier of a consumer product, as contemplated by the Magnuson-Moss Warranty Act.

11. Plaintiffs are entitled by the terms of the written warranty provided to them by Manufacturer through its authorized dealer to enforce the obligations of said warranty.

12. The warranty provided that Manufacturer would repair or replace defective parts, or take other remedial action free of charge to Plaintiff in the event that the Vehicle failed to meet the specification as set forth in the written warranty.

13. The written warranty was the basis of the bargain with respect to the contract for sale executed and entered into between Plaintiff and Manufacturer.

14. The purchase of the Vehicle was induced by the written warranty, upon which Plaintiff relied.

15. Plaintiff has honored Plaintiff's obligations under the warranty.

16. Manufacturer breached its obligations under the written warranty by failing to reasonably repair the Vehicle's defects after being afforded a reasonable number of repair attempts or a reasonable opportunity to cure.

17. Plaintiff notified Manufacturer of its breach within a reasonable time after discovering it by tendering the Vehicle to Manufacturer's authorized dealer for repair as instructed by Manufacturer's written warranty and by providing written notification to Manufacturer.

18. As a direct and proximate result of Manufacturer's failure to comply with its written warranty, Plaintiff has suffered damages, including, but not limited to, loss of use, diminished value,

incurred and/or needed repair costs, aggravation, and incidental and consequential damages. In accordance with 15 U.S.C. §2310(d)(1), Plaintiff is entitled to bring suit for damages and other relief.

19. Pursuant to the MMWA, 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to recover as part of the judgment, costs and expenses of the suit, including attorney's fees based on actual time expended. As a proximate result of the misconduct of Defendant as alleged herein, and in an effort to protect its rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of the undersigned attorney to prosecute this action. Plaintiff has incurred and continues to incur legal fees, costs and expenses in connection therewith.

20. The amount in controversy of this action exceeds the sum of $50,000, exclusive of interest and costs for these claims.

## SECOND CAUSE OF ACTION FOR VIOLATIONS OF THE BREACH OF IMPLIED WARRANTY
**(Pursuant to the Magnuson-Moss Warranty Act)**

21. Paragraphs 1 through 8 above are realleged and hereby incorporated by reference as if fully set forth herein, verbatim.

22. The Vehicle purchased by Plaintiff is subject to an implied warranty of merchantability as defined in 15 U.S.C. §2301(7).

23. Manufacturer contracts to sell goods. Manufacturer sells vehicles to purchasers, orders component parts, and/or assembles them into final products. They are merchants with respect to the goods of the kind sold to Plaintiff.

24. The parties' contract for sale as a matter of law implies that the Vehicle is merchantable, because Manufacturer is a merchant with respect to such goods.

25. The implied warranty was breached by Manufacturer because it manufactured a Vehicle of insufficient quality. The Vehicle is not fit for the ordinary purpose for which such goods are used.

26. The Vehicle has failed to meet Plaintiff's reasonable expectations.

27. The Vehicle has not provided dependable transportation, and it has not been trouble-free.

28. The Vehicle would not pass without objection in the trade under the contract description and does not conform to the promises or affirmations of fact made by Manufacturer.

29. As a result of the breach of implied warranty by Manufacturer, Plaintiff is without the reasonable value of the Vehicle.

30. As a result of the breach of implied warranty by Manufacturer, Plaintiff has suffered and continues to suffer damages, including those specifically identified in the foregoing paragraphs.

31. Plaintiff request attorney's fees and shows that he is entitled to fees and costs pursuant to the fee-shifting provision of section 2310(d) the Magnuson-Moss Warranty Act.

32. In addition to any other relief and as a result of Defendant's violations this Court should rescind the sale and refund Plaintiff his purchase prices less any reasonable allowance for use of the vehicle.

//

//

//

## THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE
## OREGON CONSUMER WARRANTY ACT

33. Paragraphs 1 through 8 above are realleged and hereby incorporated by reference as if fully set forth herein, verbatim.

34. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory or common-law right and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Defendant FCA is liable to Plaintiff for violating the Oregon Consumer Warranty Act under the Oregon Uniform Commercial Code. (ORS 72.8010 *et seq*.).

35. The Vehicle meets the definition of a "good" and/or "consumer good" as defined by ORS 72.8010(1). Plaintiff is a "buyer" or "retail buyer" as defined by ORS 72.8010(2). Defendant FCA is a "manufacturer" as defined by ORS 72.8010(3).

36. Defendant FCA has failed to provide a good or consumer good (the Vehicle) in compliance with each applicable warranty. As a result of the violations, this court should require Defendant FCA to reimburse Plaintiff his purchase price less a reasonable charge for beneficial use and damages by Plaintiff.

37. Oregon's Unlawful Trade Practices Act, ORS 646.608 *et. seq.*, prohibits the acts of Defendant, in that they represented that the vehicle and/or workmanship was/were of a particular quality or standard, which it did not have; that the warranty covered the entire vehicle other than wear and tear when it did not; that defects would be repaired at no cost within a reasonable time when they were not; and that the vehicle would be repurchased if it was not repaired within a reasonable time when it was not.

38. The acts of Defendant constitute unconscionable commercial practices and the reckless, wanton, and willful failure of Defendant to comply with its obligations constitutes unfair or deceptive conduct in trade or commerce.

39. Defendant's wanton and willful violations of the Oregon Unlawful Trade Practices Act entitle Plaintiff to an award of actual damages, incidental costs, reasonable attorney's fees, and any equitable relief the Court deems proper.

40. Plaintiff should also be awarded his reasonable attorney's fees under ORS 646.638.  Plaintiff is entitled to seek punitive damages under the court as they are proper due to the wanton and willful violations of the Oregon Unlawful Trade Practices Act.

### FOURTH CAUSE OF ACTION FOR VIOLATIONS OF THE OREGON CONSUMER WARRANTY ACT

41. Paragraphs 1 through 8 above are realleged and hereby incorporated by reference as if fully set forth herein, verbatim.

42. Oregon's Unlawful Trade Practices Act, ORS 646.608 *et seq.*, prohibits the acts of Defendant, in that they represented that the vehicle and/or workmanship was/were of a particular quality or standard, which it did not have; that the warranty covered the entire vehicle other than wear and tear when it did not; that defects would be repaired at no cost within a reasonable time when they were not; and that the vehicle would be repurchased if it was not repaired within a reasonable time when it was not.

43. The acts of Defendant constitute unconscionable commercial practices and the reckless, wanton, and willful failure of Defendant to comply with its obligations constitutes unfair or deceptive conduct in trade or commerce.

44. Defendant's wanton and willful violations of the Oregon Unlawful Trade Practices Act entitle Plaintiff to an award of actual damages, incidental costs, reasonable attorney's fees, and any equitable relief the Court deems proper.

## **PRAYER**

WHEREFORE, Plaintiff requests that the Defendant be cited to appear and answer in this action and upon final trial of this cause, the Court issue judgment that Plaintiff have and recover against Defendant as follows:

1) On his first claim for relief against Defendant for rescission of the sale of the Vehicle or in the alternative damages in an amount to be determined by the jury, costs and reasonable attorney fees, prejudgment interest at 9% and their costs and disbursements herein or such other relief as the Court may deem appropriate;

2) On his second claim for relief against Defendant for rescission of the sale of the Vehicle or in the alternative damages in an amount to be determined by the jury, costs and reasonable attorney fees, prejudgment interest at 9% and their costs and disbursements herein or such other relief as the Court may deem appropriate;

3) On his third claim for relief against Defendant for rescission of the sale of the Vehicle or in the alternative damages in an amount to be determined by the jury, costs and reasonable attorney fees, punitive damages, prejudgment interest at 9% and his costs and disbursements herein or such other relief as the Court may deem appropriate;

4) On his fourth claim for relief against Defendant for rescission of the sale of the Vehicle or in the alternative damages in an amount to be determined by the jury, costs and

reasonable attorney fees, prejudgment interest at 9% and their costs and disbursements herein or such other relief as the Court may deem appropriate

5) For such other relief that the Court deems appropriate.

**PLAINTIFF HEREBY MAKES HIS DEMAND FOR JURY TRIAL**

DATED: March 14, 2018					Respectfully submitted,

By:   /s/ Bonner C. Walsh
Bonner C. Walsh, OSB #131716
WALSH LLC
1561 Long Haul Road
Grangeville, ID 83530
TEL   541.359.2827
FAX   866.503.8206


**ATTORNEY FOR PLAINTIFF**